# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| CARY PARKER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF VERNON LEE PARKER, JR., | Civil Action No.: 4:20-cv-_____-_____ |
| Plaintiff, | **COMPLAINT** (*Jury Trial Demanded*) |
| vs. | |
| ALL STAR LOGISTICS, LLC and YASIYM BRYANT BONNER | (*Wrongful Death; Wrongful Survival*) (*Negligence; Negligence Per Se*) (*Punitive Damages*) |
| Defendants. | |

COMES NOW Plaintiff Cary Parker, as Personal Representative of the Estate of Vernon Lee Parker, Jr. ("Plaintiff"), by and through his undersigned counsel, and states his Complaint against Defendants All Star Logistics, LLC and Yasiym Bryant Bonner as follows:

## PARTIES

1.     Plaintiff, as the duly appointed Personal Representative of the Estate of Vernon Lee Parker, Jr. ("Decedent"), has the right and authority to bring this wrongful death action on behalf of Decedent's beneficiaries under the South Carolina Wrongful Death Act, S.C. Code § 15-51-10 *et seq.*, this survival action on behalf of Decedent's Estate under S.C. Code § 15-5-90 *et seq.*, and this civil action for negligence and negligence *per se*.

2.     Plaintiff is a citizen and resident of Marlboro County, South Carolina.

3.     Decedent was a citizen and resident of Marlboro County, South Carolina at the time of the collision caused by Defendants that took Decedent's life.

4. Defendant All Star Logistics, LLC ("All Star Logistics") is a Georgia corporation with a principal place of business in Lawrenceville, Georgia, located at 2150 Cedars Road, Suite 1000, Lawrenceville, Georgia 30043.

5. Upon information and belief, Defendant Yasiym Bryant Bonner ("Bonner") is a citizen and resident of the County of Gwinnett, State of Georgia, residing at 1721 Surry Hill Circle, Lawrenceville, Georgia 30054.

6. At all times material to the motor vehicle collision which forms the basis of this action, All Star Logistics (US DOT # 2311011) has been an interstate motor carrier authorized to operate in the State of South Carolina for profit pursuant to one or more permits to operate issued by the Interstate Commerce Commission and/or the United States Department of Transportation.

## JURISDICTION AND VENUE

7. This suit arises from a multi-vehicle collision that caused the death of the Decedent. The collision occurred on US Highway 15 in Marlboro County, South Carolina on May 21, 2020. The tractor-trailer that struck Decedent's vehicle and caused the fatal collision is owned by All Star Logistics and was operated by Bonner.

8. Upon information and belief, separate from the tortious acts and omissions that occurred in this case, All Star Logistics also regularly conducts business in Marlboro County, South Carolina.

9. In accordance with 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

10. In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Florence Division of the District of South Carolina, as a substantial part of the events giving rise to the claim occurred there.

11. For these reasons, this Court has personal jurisdiction over the parties to this action and has subject matter jurisdiction over the claims asserted in the Complaint. Furthermore, venue is proper.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference and realleges the allegations of the prior paragraphs as stated herein.

13. On May 21, 2020, at approximately 5:27 p.m., Decedent was driving a 2005 Chevrolet Malibu owned by Joanna Schmidt west on US Highway 15, which is a two-lane undivided highway with frequent intersections.

14. At this same point in time, a vehicle being driven by Selena Douglas was traveling east on US Highway 15. Ms. Douglas' vehicle slowed down as she prepared to make a legal and foreseeable left-hand turn onto Mt. Zion Church Road.

15. Bonner was driving a 2017 Freightliner tractor-trailer, owned by All Star Logistics, and was also traveling east on US Highway 15. Bonner was intentionally traveling in excess of the posted maximum safe speed as he approached the Selena Douglas' vehicle from behind and, due to inattentiveness, did not notice that her vehicle was slowing to make a left-hand turn.

16. Due to his excessive speed and inattentiveness, Bonner tried to swerve into the oncoming lane of traffic in order to avoid colliding to Ms. Douglas' vehicle and crossed the center line of US Highway 15. Bonner still collided with Ms. Douglas vehicle before driving his tractor-trailer directly into the vehicle being driven by Decedent, which directly and proximately caused a fatal head-on collision.

17. Decedent was acting in a reasonable and prudent manner, maintaining his lane when the vehicle he was driving was struck by the tractor-trailer driven by Bonner and owned and operated by All Star Logistics.

18. Decedent was not at fault in any way for this accident.

19. The impact of the collision was such that it launched the vehicle that Decedent was driving into a violent spin, and Decedent suffered multiple traumatic and painful blunt force traumas which caused excruciating pain, and his ultimate death. Decedent suffered a horrific death resulting from the collision caused by Bonner and All Star Logistics.

20. The road conditions at the time of the collision were dry. There were no visibility issues due to the time of day or weather. The sole cause of the fatal collision was the reckless actions and omissions of Defendants.

## FOR A FIRST CAUSE OF ACTION
### (*Negligence and Negligence Per Se – Defendant Bonner*)

21. Plaintiff incorporates by reference and realleges the allegations of the prior paragraphs as stated herein.

22. At all relevant times, Bonner: (a) was a licensed driver with a commercial driver's license; (b) was entrusted with the tractor-trailer by All Star Logistics; (c) operated the tractor-trailer acting within the course and scope of his employment with All Star Logistics; and (d) was driving a commercial motor vehicle in interstate commerce and was subject not only to South Carolina laws, trucking safety regulations and industry standards, and federal laws and regulations, including the Federal Motor Carrier Safety Regulations.

23. Bonner was negligent in the operation of the tractor-trailer he was driving in one or more of the following particulars:

    a) In intentionally operating the vehicle at an unsafe and illegal speed;

b)  In operating the truck in a negligent and unsafe manner;

c)  In failing to maintain a proper and diligent lookout;

d)  In failing to maintain control of his vehicle;

e)  In failing to travel at a reduced speed in accordance with the intersection ahead and the slowed traffic around him;

f)  In failing to perceive and react to the traffic around him appropriately;

g)  In driving too fast for conditions;

h)  In failing to take appropriate evasive actions before the collision;

i)  In failing to apply his brakes in a timely manner;

j)  In driving while tired, distracted or otherwise not fully alert to the hazards around him;

k)  In failing to use the degree of care and caution that a reasonable person would under the same or similar circumstances;

l)  In driving a commercial motor vehicle in violation of Federal Motor Carrier Safety Regulations, violations which constitute negligence *per se*;

m)  In otherwise failing to act reasonably and prudently as a professional commercial driver under the circumstances; and,

n)  In any such other particulars as the discovery process or the evidence at trial may show.

24. Bonner's careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the incident and resulted in the death of Decedent.

25. Plaintiff is informed and believes that as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of Defendants, Decedent suffered fear, physical pain and suffering, mental and emotional distress and anguish.

26. Plaintiff is further informed and believes that as a result of the wrongful death of Decedent caused by Defendants, the statutory beneficiaries of Decedent are entitled to judgment

against Bonner for actual damages in an appropriate amount, as well as punitive damages, as they have suffered to following injuries:

      a)     Pecuniary loss;

      b)     Mental shock and suffering;

      c)     Wounded feelings,

      d)     Grief and sorrow;

      e)     Loss of companionship;

      f)     Loss of Decedent's experience, knowledge and judgment; and

      g)     Funeral expenses.

## FOR A SECOND CAUSE OF ACTION
### (*Negligence and Negligence Per Se – Defendant All Star Logistics*)

27. Plaintiff incorporates by reference and realleges the allegations of the prior paragraphs as stated herein.

28. At all times material hereto, Bonner was an employee or agent of All Star Logistics and was acting within the scope and course of his employment or agency.

29. All Star Logistics exercised control over Bonner and had the right to control the time, manner, and method of his work as a commercial driver.

30. All Star Logistics is liable for the negligent actions and omissions of Bonner pursuant to the doctrine of *respondeat superior* and the law of agency.

31. As an employer, All Star Logistics was also independently negligent in hiring, training, entrusting, supervising, and retaining Bonner in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company under the same or similar circumstances.

32. All Star Logistics was at all relevant times a duly authorized motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, All Star Logistics was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

33. As a motor carrier, All Star Logistics had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Bonner, the duty to properly train Bonner, the duty to supervise the hours of service of Bonner, the duty to properly maintain its vehicles, including leased vehicles, the duty to entrust a tractor and trailer only to those capable and qualified of handling a dangerous instrumentality, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

34. All Star Logistics knew or should have known Bonner was untrained and incapable of operating his vehicle in the manner required by the federal regulations and state law.

35. All Star Logistics knew or should have known that Bonner was inexperienced and lacked sufficient training such that he was incapable of complying with the Federal Motor Carrier Safety Regulations and state law and was therefore, a negligent and/or reckless driver.

36. All Star Logistics was also independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

37. All Star Logistics owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures, the hiring, retention and supervision of its employees, drivers and agent, including Bonner and the maintenance of its tractor.

38. All Star Logistics owed statutory and common law duties to Plaintiff not to negligently and/or recklessly hire, supervise and retain employees and to use safe and fit equipment such as the tractor.

39. All Star Logistics failed to properly supervise and train Bonner and allowed him to operate his vehicle without the most basic training in violation of the Federal Motor Carrier Safety Regulations and state law.

40. All Star Logistics violated the above-mentioned duties and responsibilities and was therefore independently negligent, negligent *per se,* careless, reckless, willful and wanton in one or more of the following ways:

   a) In negligently hiring Bonner;

   b) In failing to ensure that Bonner was qualified to drive a commercial motor vehicle;

   c) In failing to verify that Bonner operated the tractor-trailer in a reasonably safe manner and abided by all laws governing safe operation of commercial motor vehicles;

   d) In negligently supervising Bonner;

   e) In negligently entrusting a tractor and trailer to Bonner; and

   f) In any such other particulars as the discovery process or the evidence at trial may show.

41. All Star Logistics' careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the incident and resulted in the death of Decedent.

42. Plaintiff is informed and believes that as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of All Star Logistics, Decedent suffered fear, physical pain and suffering, mental and emotional distress and anguish.

43. Plaintiff is further informed and believes that as a result of the wrongful death of Decedent caused by All Star Logistics that the statutory beneficiaries of Decedent are entitled to

judgment against All Star Logistics for actual damages in an appropriate amount, as well as punitive damages, as they have suffered to following injuries:

- a) Pecuniary loss;
- b) Mental shock and suffering;
- c) Wounded feelings,
- d) Grief and sorrow;
- e) Loss of companionship;
- f) Loss of Decedent's experience, knowledge and judgment; and
- g) Funeral expenses.

**WHEREFORE**, Plaintiff requests a judgment be entered against Defendants All Star Logistics, LLC, and Yasiym Bryant Bonner for actual and punitive damages in an amount to be determined at trial, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: *s/ J. Taylor Powell*
Ellis R. Lesemann (Fed. ID No. 7168)
E-mail: erl@lalawsc.com
J. Taylor Powell (Fed. ID No. 12265)
E-mail: jtp@lalawsc.com
LESEMANN & ASSOCIATES LLC
418 King Street, Suite 301
Charleston, SC 29403
Phone: (843) 724-5155
Fax: (843) 720-2312

***ATTORNEYS FOR PLAINTIFF CARY PARKER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF VERNON LEE PARKER, JR.***

December 28, 2020

Charleston, South Carolina